Edward T. McCaffrey, J.
This is a motion by the defendant for a protective order pursuant to section 3103 of the Civil Practice Law and Rules vacating plaintiff’s notice for an oral examination of the codefendant, Examinations before trial are *731 not generally favored in matrimonial actions unless special circumstances justifying an examination are shown to exist (Wightman v. Wightman, 7 A D 2d 859). On the papers submitted, it appears that such special circumstances are present here as would warrant an examination by the plaintiff of the codefendant. The codefendant has made certain public utterances respecting his relationship with the plaintiff’s wife, the defendant herein, which are material to this action. Further, there is a question as to the availability of the codefendant to testify at the trial and even if available he will be a hostile witness. Under these circumstances, the plaintiff should be permitted to examine the codefendant on matters material and necessary to plaintiff’s cause of action (Mook v. Mook, 13 A D 2d 465; CPLR, § 3101). It should also be noted that rule XI of the Rules of the Trial Terms of the New York County Supreme Court, which restricted examinations in matrimonial actions, has been abolished. The timeliness of this motion raises no issue in view of the language of section 3103 of the Civil Practice Law and Rules which states: “ The court may at any time # * * on motion of any party * * * make a protective order ’ ’. A notice to examine is the proper method of obtaining disclosure (CPLR, § 3102, subd. [b]). Accordingly, the motion to vacate the notice of examination is denied.